In the Matter of the Claim of LEIGH BAIR, Appellant, against FEER REALTY CORP., Employer, and FIDELITY & CASUALTY Co., Insurance Carrier, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 23, 1938.

*Sapinsley & Lukas* [*Nathan H. Elman* of counsel], for the appellant.

*Caverly, Dimond, Barton & O'Gorman* [*Sydney Weitzer* of counsel], for the respondents.

*John J. Bennett, Jr., Attorney-General,* for the State Industrial Board.

HILL, P. J.  An award has been denied to the daughter of Jeannette Bair, the employee, upon the ground that her death was occasioned by gas poisoning and was not the result of an accident arising out of and in the course of her employment.  She was the renting agent in charge of an apartment house.  A few minutes before noon on August eighth she went to the eighteenth floor.  The elevator operator saw her enter penthouse E.  In about half an hour Gerson, the superintendent of the building, inquired of the operator if Mrs. Bair was in the building.  The operator rang penthouse E.  He was asked, " Q. What happened?  A. Immediately there was an explosion.  Q. Immediately that you rang the bell?  A. It was so close that I don't remember."  The explosion wrecked the apartment, blew out some of the walls and covered the floor and furniture with plaster, terra cotta and other debris.  Kenney, battalion fire chief, was among the first to enter the apartment.  He found Mrs. Bair's body " a foot and a half to two feet away from the gas stove between the gas stove and a mechanical refrigerator."  Her dress was covered with debris, dirt and plaster.  The chief at once directed his chauffeur to have the gas shut off in the entire building.  The autopsy disclosed that the sixth, seventh, eighth and ninth ribs on the left side were fractured.  " The skin was charred around the left breast, there were two small abrasions on the right lower lateral chest wall, burns on the anterior surface of the distal half of the forearm and wrist."  It was stated that an expert who analyzed the blood " found 45%

saturation of carbon monoxide " and that twenty-five per cent would be fatal; also that a person would breathe illuminating gas " several minutes " before a sufficient quantity would be taken to produce death.

Respondents contest the claim on two grounds: (1) That Mrs. Bair abandoned her employment when she entered penthouse E; (2) that her death was suicidal. The decision of the Board does not disclose which of respondents' theories was adopted. As to the first, penthouse E had been sublet by the original tenant. The subtenant was in California and had not occupied it for some time. The lease was to expire October first. Much of the leasing for October first occupancy was done in August. Mrs. Bair had a master key with which she could enter any apartment or penthouse. A coemployee, the elevator operator, took her to the eighteenth floor and saw her enter the penthouse. Her superior, the building superintendent, looking for her later, was given the information and at his request the phone in that apartment was rung. In view of her duty to have the apartments in condition to be shown and considering that she came to her death on August eighth, there is no evidence which would justify a finding that she abandoned her employment by entering penthouse E.

We have two presumptions against the suicide theory — the strong common-law presumption against self-destruction, and the statutory presumption (Workmen's Comp. Law, § 21). " In the absence of substantial evidence to the contrary " it shall be presumed " that the injury was not occasioned by the willful intention of the injured employee to bring about the injury or death of himself or of another." The only facts established from which the inference of suicide would be drawn are the open gas jets in the stove and the carbon monoxide in the lungs. After the battalion chief had entered the apartment and had directed that the gas in the entire building be turned off, a fireman says that he closed three open jets, another that he closed one. Each of these may have been opened by the battalion chief or under his direction to ascertain if the gas had been turned off in the building as he had directed. Gas was passing into the air from some source after Mrs. Bair entered the apartment so that the electric spark that rang the telephone bell ignited the mixture. After the explosion she had lain on the floor where the evidence indicates that the air would have been most heavily impregnated with gas. She could have inhaled the gas unintentionally or during the time she was unconscious. Substantial evidence necessary to overcome the statutory presumption (Workmen's Comp. Law, § 21) or the common-law presumption (*Potts v. Pardee*, 220 N. Y. 431) was not presented. The inference as to

marital unhappiness will not sustain the second inference of suicide. (*O'Gara* v. *Eisenlohr*, 38 N. Y. 296; *Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 id. 90.)

The decision should be reversed and the matter remitted for an award.

RHODES, MCNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Decision reversed and matter remitted to the Industrial Board for the purposes disclosed in the opinion, with costs to the claimant against the employer and the carrier.